Theall *v.* Disbrow.

————•◆•————

THACHER H. THEALL *vs.* GOULD S. DISBROW.

*A*, an insolvent, assigned all his property under the insolvent law, including a farm incumbered by a mortgage. The trustee in insolvency sold the equity of redemption to *B*, and gave him a deed of the same, which was not put upon record. An arrangement was made by *A* with the creditors who proved their claims, under which an agreed percentage was paid from the property assigned, and accepted in full. *A* had remained in possession and charge of the farm after his assignment, and continued so after the sale of the equity to *B*, and the closing of the settlement of the estate; *B*, who was his brother, assenting to his possession, and supplying some necessaries for the farm, but expecting him to meet all the expenses of the farm with the proceeds of its products. In this state of things, *C*, a creditor of *A*, whose claim had accrued since the assignment, and who had no knowledge of the conveyance to *B*, attached a crop of tobacco raised on the farm. In replevin brought by *B* for the tobacco, it was held—

1. That the unrecorded deed to *B* was of no effect against *C*.
2. That there was incident to *A's* assignment in insolvency an implied resulting trust as to the property which might remain after satisfying the creditors, and that the trustee in insolvency, his deed to *B* not being recorded, had apparently a naked legal title to the equity of redemption as resulting trustee for *A*.
3. That the possession of *A* was in perfect harmony with and confirmatory of such apparent ownership.
4. That the record and apparent relation of *A* to the farm was thus that of equitable owner, and that, as between *B* and *C*, the crops vested in *A* as such owner, and were open to *C's* attachment.

REPLEVIN, for a quantity of tobacco and hay; brought to the Court of Common Pleas of Fairfield County. Facts found and case reserved for advice. The facts of the case, which are complicated, and a full statement of which would

occupy much space, can be understood from the head note and the opinion, sufficiently for an understanding of the legal principles involved in the case.

*White* and *Booth*, for the plaintiff.

*Averill* and *Burke*, for the defendant.

BUTLER, C. J. · The plaintiff shows no title to the property in question, and cannot recover.

1. He received a deed from Seeley, the assignee of Orwin Theall, of the equity of redemption, which gave him a title as against Orwin Theall and his heirs, but the deed was not recorded and was of no validity against the defendant. So far as the rights of the defendant were involved therefore, the plaintiff had no title to the farm which would vest the crops in him. And he was equally destitute of any possessory interest. The possession, and apparently the exclusive possession, had remained uninterrupted in Orwin Theall, from the time that he was the owner of the equity until the date of the attachment, and the plaintiff had not by any public act or by any contract of lease, agency or otherwise, changed or interfered with it.

2. On the facts found, the legal *record* relation of Orwin Theall to the farm in question, as against his creditors who were ignorant of the conveyance by Seeley to the plaintiff, was that of equitable owner, and, as such, the crops vested in him. He had conveyed the equity of redemption to Seeley in trust for his creditors, but there was incident to such a con veyance, if not expressed in the deed, an implied, resulting trust as to the property which might remain after satisfying the creditors. The creditors had been satisfied, the trust fulfilled, and the trustee discharged by the court of probate, and the records of lands showing no conveyance of the equity of redemption from Seeley, he held apparently a naked legal title to the equity as resulting trustee for Orwin Theall, and the possession of Orwin Theall was in perfect conformity with such apparent ownership. Under such circumstances the crops, as against

the plaintiff and in respect to the defendant, vested in him and were liable to attachment.

We advise judgment for the defendant.

In this opinion the other judges concurred.